UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

P & L TOWING AND TRANSPORTATION, INC.,

     Plaintiff,

vs.

F & M SHIPPING SERVICES, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, P & L Towing and Transportation, Inc. ("P & L Towing"), sues *in personam* Defendant, F & M Shipping Services, Inc. ("F & M"), and alleges:

1.     This action originates from a maritime contract breach related to transporting cargo in international commerce between South Florida and Haiti as set forth in more detail below.

2.     The Court has subject matter jurisdiction over this maritime transportation contract action pursuant to 28 U.S.C. § 1333, admiralty and maritime jurisdiction.  To the extent that any related claims in this action fall outside of this Court's admiralty and maritime jurisdiction, Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 is invoked as to those claims.

3.     Plaintiff, P & L Towing and Transportation, Inc. (hereinafter "P & L Towing"), invokes Rule 9(h) of the Federal Rules of Civil Procedure.

4.     At all times material hereto, Plaintiff, P & L Towing, was and is a Florida corporation authorized to transact business in the State of Florida providing marine towing and transportation services to its clients from the P & L facility located on the Miami River in Miami-Dade County, Florida, and maintaining its principal business address at 14501 S.W. 21st Street,

Davie, Florida 33325.

5.      At all material times hereto, P & L Towing agreed to provide a suitable tug and deck barge for the benefit of Defendant, F & M, so that F & M could load cargo onto the deck barge for transportation from Miami to various ports in Haiti.  A true and correct copy of the Proposal setting forth the material terms and conditions of the Agreement is attached hereto as Exhibit "1."

6.      Upon information and belief, *in personam* Defendant, F & M Shipping Services, Inc., was, at all material times, a Florida limited liability company maintaining a principal address at 2199 N.W. South River Drive, Miami, Florida 33142.

## BACKGROUND

7.      On or about June 2, 2021, a Marine Towing Proposal was made by P & L Towing to F & M.  This Proposal became a Marine Towing Agreement between Plaintiff, P & L Towing, and *in personam* Defendant, F & M, to tow a barge from Miami, Florida to various ports of call in Haiti and then back to Miami, Florida when both parties signed the contract.  A true and correct copy of the Marine Towing Agreement ("Agreement") is attached hereto as Exhibit "1".

8.      By the terms of the Agreement, Plaintiff agreed to provide a tug and barge service to the Defendant so that the Defendant could transport cargo to various ports in Haiti.  The Agreement contemplated rates for the tug while under way and while at standby.  The barge was charged at a fixed daily rate of $1,000.00 per day.

9.      In addition to paying for the tug and barge at the rate set forth in the Agreement, the Defendant agreed to pay for additional items, such as, fuel and lubes, port fees, assist tugs, customs duties/tariffs, agency fees, customs clearances, dockage, wharfage, line handling, harbor pilots, and docking pilots, etc., under the Agreement.

10. The Agreement contemplated the tug and barge would be on hire until they returned to Miami, Florida and cleared the Department of Homeland Security, U.S. Customs and Border Protection, which occurred on August 31, 2021.

11. The total amount owed to P & L Towing by the Defendant for the towing services and other charges for the transportation services from Miami, Florida to Haiti and back to Miami, Florida was $189,984.60. A true and correct copy of P & L Towing's Invoice (INV-0196) is attached hereto as Exhibit "2."

12. The payment terms set forth in the Agreement required Defendant, F & M, to pay some towing/transportation expenses in advance, prior to the tug and barge's departure for Miami, Florida, and the remaining balance (including any additional standby time or charges for the Defendant's account) upon return to Miami, Florida, or every 15 days whichever is sooner.

13. On June 28, 2021, Defendant paid a $42,000.00 deposit on account to secure the transportation. Because the Haitian President was assassinated on July 7, 2021, the voyage was delayed by mutual agreement of Plaintiff and Defendant.

14. The delay caused the tug and barge to leave for Haiti on August 5, 2021.

15. Upon returning to Florida, Defendant paid another $40,000.00 to Plaintiff on account towards the transportation services rendered.

## COUNT I
## BREACH OF MARITIME CONTRACT

16. P & L Towing is owed the outstanding sum of One Hundred Seven Thousand Nine Hundred Eighty-Four and 60/100 Dollars (US $107,984.60) for the tug, barge, and other expenses it provided to the Defendant through August 31, 2021. See Exhibit "2" attached hereto as the invoice sent to Defendant. (Note the invoice date is wrong but the amounts are correct).

3

17.     There has been no complaint from Defendant about the rates charged and, more importantly, Defendant has not paid the full outstanding amount owed since the tug and barge arrived back in Miami on August 31, 2021.

18.     The Defendant has failed to pay the invoiced charges for the balance due for the transportation of its goods and thereby has breached the contract, thus damaging Plaintiff.

19.     P & L Towing is entitled to recover from the Defendant, F & M, the total sum of One Hundred Seven Thousand Nine Hundred Eighty-Four and 60/100 Dollars (US $107,984.60) and pre-judgment interest on the unpaid balance along with the costs of this proceeding which includes, but is not limited to, the court filing fee.

WHEREFORE, Plaintiff, P & L Towing, demands the following relief:

(a)     that judgment be issued against the *in personam* Defendant, F & M Shipping Services, Inc.; and that this Court award expenses and other recoverable litigation costs; and

(b)     for such other and further relief as this Court deems just and proper against Defendant F & M Shipping Services, Inc.

## COUNT II
## EQUITABLE REMEDIES

20.     P & L Towing re-alleges paragraphs 1 through 15 of the Complaint as if fully set forth herein.

21.     If the Court finds one or more of the charges alleged to be due to Plaintiff from Defendant are not governed by the maritime contract (Agreement), then P & L Towing alleges the following equitable claims as alternative forms of relief against F & M Shipping Services, Inc.

22.     More particularly, P & L Towing alleges it is entitled to recover for the value of

the services and supplies provided for the Defendant's benefit under equitable principles of *quantum meruit* or, alternatively, unjust enrichment.

23.     Defendant, F & M, knew P & L Towing was providing services and supplies which were necessary for the tug and barge to move Defendant's cargo from Miami, Florida to Haiti and for the return of the tug and barge from Haiti back to Miami, Florida.

24.     Defendant, F & M, accepted P & L Towing's services and supplies and F & M will be unjustly enriched if it does not pay for the reasonable value of the services and supplies provided for its benefit by P & L Towing.

25.     The reasonable value of P & L Towing's services and supplies provided to or for the benefit of F & M is $107,984.60.

WHEREFORE, Plaintiff, P & L Towing and Transportation, Inc., demands judgment against the Defendant, F & M Shipping Services, Inc., and request an award for the reasonable value of the services and supplies that it provided to the Defendant, plus pre-judgment interest, court costs and such further relief the Court deems proper.

Dated:  October 27, 2021.

Respectfully submitted,

By: */s/ James W. Stroup*
    JAMES W. STROUP
    Florida Bar No. 842117
    FARRIS J. MARTIN, III
    Florida Bar No. 879916
    Stroup & Martin, P.A.
    119 Southeast 12th Street
    Fort Lauderdale, Florida  33316
    Telephone:  (954) 462-8808
    Facsimile:  (954) 462-0278
    E-mail:  jstroup@strouplaw.com
    E-mail:  fmartin@strouplaw.com
    *Attorneys for Plaintiff*