## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-23788-BLOOM/Otazo-Reyes

P & L TOWING AND TRANSPORTATION, INC.,

     Plaintiff,

v.

F & M SHIPPING SERVICES, INC.,

     Defendant.

_____/

### ORDER OF DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff P&L Towing and Transportation, Inc.'s Motion for Default Final Judgment as to Defendant F & M Shipping Services, Inc., ECF No. [13] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

This action concerns the breach of a maritime contract. ECF No. [1]. Plaintiff and Defendant entered into a Marine Towing Agreement, under which Plaintiff would tow a barge back and forth from Miami, Florida, to various ports of call in Haiti. ECF No. [1] ¶ 7. Defendant owes Plaintiff $189,984.60 in towing services and other charges but failed to pay $107,984.60 of it. ECF No. [1] ¶¶ 12–17. Plaintiff raised two causes of action: (1) breach of contract; and (2) equitable relief, in the alternative. ECF No. [1] ¶¶ 16–25. Defendant, following service of the summons and Complaint, failed to timely respond and a clerk's default was entered. ECF No. [11].

"Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation omitted). The "sufficient basis" standard is "akin to that necessary

to survive a motion to dismiss for failure to state a claim. Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.* (cleaned up). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Granting a motion for default judgment is within the trial court's discretion. *Id.*

The Complaint sufficiently alleges a cause of action for breach of contract. In addition, Heidi Payne, Plaintiff's president, sets forth in her declaration the facts supporting the Plaintiff's damages. *See* ECF No. [13-3]. The declaration, along with other supporting documentation, demonstrates a sufficient basis to award damages, including when the various charges were incurred by Defendant under the written agreement governing this transaction and how these charges were calculated in order to arrive at the amount due to Plaintiff.

Plaintiff also requests taxable costs consisting of the filing fee of $402.00 and the service of process expenses Plaintiff incurred for the services of Caplan, Caplan & Caplan Process Servers. Plaintiff represents that Defendant's registered agent was not keeping regular hours at the address listed, forcing Plaintiff to make multiple service attempts, which cost $620.00. As such, the total costs incurred and taxable are $1,022.00.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

Accordingly, it is **ORDERED AND ADJUDGED**

1.      The Motion, ECF No. [13], is **GRANTED**.

2.      Plaintiff is entitled to a default final judgment. The Court accepts Plaintiff's damage calculations as sufficiently supported. The Court will enter judgment in favor of Plaintiff on the remaining balance owed to Plaintiff of **$107,984.60**.

Case No. 21-cv-23788-BLOOM/Otazo-Reyes

3.      The judgment will include taxable costs of **$1,022.00**.

4.      Final Judgment will be entered separately by the Court consistent with this order.

5.      The Clerk shall **CLOSE** the case.


**DONE AND ORDERED** in Chambers at Miami, Florida, on February 15, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

F & M Shipping Services, Inc.,
c/o Registered Agent:
Filbert Francois
5965 Deerfield Place
Lake Worth, Florida 33463